# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-1380V
Filed: November 20, 2018
UNPUBLISHED

|  |  |
|---|---|
| JENNIFER GINTER,<br><br>                   Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                   Respondent. | Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |

*Maximillian J. Muller*, Muller Brazil, LLP, Dresher, PA, for petitioner.
*Robert Paul Coleman, III*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

    On September 29, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered left shoulder injuries caused in fact by the adverse effects of the influenza vaccination she received on October 4, 2016. Petition at ¶¶ 2, 15. The case was assigned to the Special Processing Unit of the Office of Special Masters.

    On November 20, 2018, a ruling on entitlement was issued, finding petitioner entitled to compensation for her SIRVA. On November 20, 2018, respondent filed a combined Rule 4 report and proffer on award of compensation ("Rule 4 Report and

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Proffer")[3] indicating petitioner should be awarded $55,000.00, representing compensation for petitioner's actual and projected pain and suffering.  Rule 4 Report and Proffer at 3.  In the Proffer, respondent represented that petitioner agrees with the proffered award.  Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.  *Id.*

Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioner a lump sum payment of $55,000.00, representing compensation for petitioner's actual and projected pain and suffering in the form of a check payable to petitioner, Jennifer Ginter.**  This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[3] The combined Rule 4 report and proffer contains information regarding petitioner's personal medical history which is not generally included in a proffer, when separately filed.  Thus, the undersigned will not attach the proffer to the decision in this case.

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

2